IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
(Northern Division)

| | |
|---|---|
| JANE DOE,<br><br>       *Plaintiff*,<br>v.<br><br>CHRISTOPHER PEYTON CRAWFORD,<br><br>       *Defendant*. | Case No. 3:23-cv-560-CWR-LGI<br><br><br><br>**JURY DEMAND** |

## COMPLAINT

Plaintiff Jane Doe ("Plaintiff" or "Doe"),[1] through counsel and pursuant to 15 U.S.C. § 6851 *et seq.*, files her Complaint against Defendant Christopher Peyton Crawford ("Defendant" or "Crawford") and alleges as follows:

### PARTIES

1. Plaintiff Jane Doe is an adult resident of Madison County, Mississippi and is a citizen of Mississippi.

2. Defendant Christopher Peyton Crawford is an adult resident of Madison County, Mississippi and is a citizen of Mississippi.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action involves a federal question arising under 15 U.S.C. § 6851. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state-law claims because

---

[1] Pursuant to 15 U.S.C. § 6851(a)(3)(B), Plaintiff has filed this action using a pseudonym to protect her identity and her privacy. Plaintiff's true identity is known to Defendant and to Defendant's counsel, who have received notification from Plaintiff's counsel of the filing of this action.

those claims arise out of the same nucleus of operative fact as the federal-question claim and form part of the same transaction and occurrence.

4. This Court has personal jurisdiction over Defendant because he is a citizen of Mississippi and because Plaintiff's claims arise from Defendant's contact with the forum state.

5. Venue is proper in this district under 28 U.S.C. § 1391 because events, acts, or omissions giving rise to this action occurred in the Southern District of Mississippi, from where Defendant committed the complained-of acts and where Defendant resides.

## GENERAL ALLEGATIONS

6. As of October 2022, Doe and Crawford were in a romantic relationship.

7. However, as of that date, Crawford suspected Doe was involved, or had recently been involved, in a romantic relationship with another man.

8. Crawford was jealous of that suspected relationship, and he conceived a premeditated, hateful scheme to exact revenge on and harm Doe.

9. On or about October 21 or 22, 2022, Crawford asked Doe to perform oral sex on him in Madison County, Mississippi. Doe agreed.

10. While Doe performed oral sex on Crawford, he used his cell phone to surreptitiously photograph Doe performing that intimate and private act. Doe did not consent to being photographed while performing oral sex on Crawford, and Doe did not know she was photographed.

11. Crawford apparently stored that photograph for future use in carrying out his scheme.

12. On or about January 29, 2023, Crawford transmitted that lewd photograph through interstate commerce, via the internet or cell phone transmission services, by text message to the man with whom Crawford suspected Doe had or recently had a romantic

relationship. Crawford included with that photograph a message of "Happy Sunday, got an amazing b*** j** today. F*** U," implying that he had won Doe's favor by convincing her to perform oral sex on him. (Alterations added to expletives.) Crawford made clear from that text message that the photograph depicted Doe performing oral sex on Crawford, whose genitals were clearly visible.

13. Crawford's act was an intentional, calculated act of revenge, and it caused Doe to suffer extreme shame, embarrassment, and emotional distress – just as Crawford intended or should have reasonably foreseen.

## COUNT ONE

### Violation of 15 U.S.C. § 6851(b)
### (Civil Action relating to disclose of intimate images)

14. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

15. The photograph Crawford surreptitiously took, and subsequently transmitted through interstate commerce, constitutes "commercial pornographic content" and/or an "intimate visual depiction" as defined by 15 U.S.C. § 6851(a)(1) & (5).

16. The photograph Crawford surreptitiously took, and subsequently transmitted through interstate commerce, was obtained and transmitted without Doe's knowledge or consent, and the photograph was procured by fraudulent concealment.

17. The photograph Crawford surreptitiously took, and subsequently transmitted through interstate commerce, included Doe as a "depicted individual" as defined by 15 U.S.C. § 6851(a)(3). Doe's likeness and distinguishing characteristics were recognizable in the photograph, and Crawford transmitted it to a recipient who knew the photograph depicted Doe.

18. Crawford obtained and transmitted the photograph of Doe knowing she had not given consent or with reckless disregard as to Doe's lack of consent.

19. Pursuant to 15 U.S.C. § 6851(b)(1)(A) & (b)(3)(A)(i), Doe is entitled to recover from Crawford the greater of: (1) her actual damages; or (2) statutory liquidated damages of $150,000. In addition, Doe is entitled to recover from Crawford her costs of this action and a reasonable attorney's fee.

20. Pursuant to 15 U.S.C. § 6851(b)(1)(A) & (b)(3)(A)(ii), Doe is entitled to an injunctive relief, which should require Crawford to: (1) destroy the photograph and all copies of it; and (2) refrain from transmitting or using the photograph.

## COUNT TWO

### Intentional Infliction of Emotional Distress

21. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

22. Crawford's act was willful and intentional, or it was committed with reckless disregard for and/or deliberate indifference to Doe.

23. Crawford intended for his act to cause Doe to suffer extreme emotional distress, or Crawford should have reasonably foreseen that his act would cause Doe to suffer extreme emotional distress.

24. Crawford's act was the proximate and legal cause of Doe's extreme emotional distress, and it evokes outrage in civilized society.

25. Accordingly, Doe is entitled to recover from Crawford compensatory damages in an amount to be established at trial, plus punitive damages in an amount to be established at trial and a reasonable attorney's fee.

## COUNT THREE

### Invasion of Privacy

26. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

27. Doe had a reasonable expectation of privacy in performing the intimate act described above.

28. Crawford's interference with Doe's expectation of privacy (i.e., her seclusion) is highly offensive to an ordinary, reasonable person, as the result of conduct to which a reasonable person would strongly object.

29. Crawford acted in bad faith and/or with utter recklessness in photographing—and then disseminating—Doe's performance of an intimate, sexual act.

30. Accordingly, Doe is entitled to recover from Crawford compensatory damages in an amount to be established at trial, plus punitive damages in an amount to be established at trial and a reasonable attorney's fee.

## PRAYER FOR RELIEF

31. Doe re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

32. As a direct and proximate result of Crawford's intentional and wrongful acts, Doe has been damaged and is entitled to the following relief:

> a. For Count One, the greater of her actual damages or statutory liquidated damages of $150,000, plus her costs of suit and a reasonable attorney's fee, and injunctive relief;

  b. For Count Two, compensatory damages in amounts to be established at trial, punitive damages to be established at trial, and incident to that punitive damages award, a reasonable attorney's fee;

  c. For Count Three, compensatory damages in amounts to be established at trial, punitive damages to be established at trial, and incident to that punitive damages award, a reasonable attorney's fee; and

  d. Any additional relief in law or equity to which she may be entitled.

## JURY DEMAND

33. Doe demands a jury on all issues so triable.

* * * *

Dated: August 28, 2023

        Respectfully submitted,

        **JANE DOE**

        <u>/s/ *Chadwick M. Welch*</u>
        Chadwick M. Welch (MSB No. 105588)
        HEIDELBERG PATTERSON WELCH WRIGHT
        368 Highland Colony Parkway
        Ridgeland, Mississippi 39157
        Tel. 601.790.1588
        Fax 601.707.3075
        Email: cwelch@hpwlawgroup.com

        *One of her attorneys*

OF COUNSEL:

Thresa B. Patterson (MSB No. 102635)
HEIDELBERG PATTERSON WELCH WRIGHT
368 Highland Colony Parkway
Ridgeland, Mississippi 39157
Tel. 601.790.1588
Fax 601.707.3075
Email: tpatterson@hpwlawgroup.com