# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

JANE DOE,

    *Plaintiff*

Case No. 3:23-cv-560-CWR-LGI

v.

CHRISTOPHER PEYTON CRAWFORD,

    *Defendant*

## DEFENDANT'S NON-CONFIDENTIAL MEMORANDUM
## IN SUPPORT OF MOTION TO SEAL CASE

Pursuant to L.U.Civ.R. 79(e)(3), Defendant, Christopher Peyton Crawford ("Crawford"), by and through his attorney, files this Non-Confidential Memorandum in Support of Motion to Seal Case.

## FACTUAL BACKGROUND

Adopting the pseudonym "Jane Doe," Plaintiff filed this case against Defendant Crawford pursuant to 15 U.S.C. § 6851. [ECF 1 at n. 1]. She alleges Crawford engaged in "revenge porn" by transmitting a sexually intimate photograph of Doe to another man - Doe's current romantic partner - with the intention of embarrassing Doe. [ECF 1 at ¶¶ 6-13]. In describing her relationship with Crawford, however, Doe states only that they were in a "romantic relationship." [ECF 1 at ¶ 6]. In truth, Doe's relationship with Crawford is, and was, more than simply "romantic."

## ARGUMENT

The Court should seal the record of this case because Crawford's defense necessarily requires him to identify Doe and her relationship to Crawford, as well as disclose intimate details of their relationship. Pursuant to Local Rule of Civil Procedure 79(e)(3), Crawford submits the following:

**(A)** **<u>Non-Confidential description of what is to be sealed</u>:** To defend himself, Crawford must (1) identify Doe and her relationship to Crawford, and (2) disclose intimate details of that relationship in all substantive pleadings, including exhibits, before the Court. Therefore, Crawford requests that the entire case be sealed.

**(B)** **<u>Specific request</u>:** Pursuant to L.U.Civ.R. 79(e)(3)(B)(2), Crawford requests that the entire case be sealed from public access only, with CM/ECF access permitted to the litigant's counsel.

**(C)** **<u>Why sealing is necessary</u>:** Sealing is necessary to prevent the public disclosure of Doe's identity as well as personal, intimate and private information concerning both Doe and Crawford. Sealing the case pursuant to L.U.Civ.R. 79(e)(3)(B)(2) is most appropriate because the public's right to access court filings does not outweigh Crawford's right to defend himself. Another procedure will not suffice because 15 U.S.C. § 6851 allows Doe to remain anonymous, yet Crawford must necessarily disclose Doe's identity to defend himself; therefore, sealing the entire case is the only option that allows Doe to litigate her claim anonymously <u>and</u> allows Crawford to defend himself.

**(D)** **<u>Governing case law</u>:** The legal basis for Doe's claim is 15 U.S.C. § 6851(b)(1)(A), which states:

> Except as provided in paragraph (4), an individual whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure, may bring a civil action against that person in an appropriate district court of the United States for relief as set forth in paragraph (3).

15 U.S.C. § 6851(b)(1)(A). By design, claims brought under this statute concern intimate, personal and private evidence. Further, because of the sensitive subject matter, § 6851 allows plaintiffs to use a pseudonym to protect their privacy. *See* 15 U.S.C. § 6851(b)(3)(B). The use of a pseudonym is subject to the discretion and injunction power of the Court. *Id.* Here, Doe has chosen to use a pseudonym, expressing her desire to remain anonymous.

However, Doe's pseudonym and her allegations against Crawford work together to mischaracterize the relationship between Doe and Crawford. Doe's identity and actual relationship with Crawford are material elements to Crawford's defense. In other words, Crawford must disclose Doe's identity and her relationship to Crawford in conjunction with disclosing other intimate and sensitive details to defend himself.

This is a novel issue. Section 6851 is a new statute that took effect in October 2022[1], and the undersigned counsel has not found any case in the Fifth Circuit or any other Circuit that addresses sealing a court record for such a case.

"When determining whether to seal a portion of a judicial record, a court must balance the public's right to access filings against interests which favor nondisclosure." *Diaz v. Minor*, Civil Action No. 3:16-cv-757 (U.S.D.C. S.D. Miss. Mar. 3, 2018) *citing Securities and Exchange Commission v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). "Despite the public's general right to inspect and copy public record, a court may order documents sealed where, on balance, the party's interest in having them sealed outweighs the public's interest in open access to judicial records." *Id. quoting DISH Network, LLC v. WLAJ-TV, LLC*, No. CV 16-0869, 2017 WL 1333057, at *2 (W.D. La. Apr. 3, 2017).

In this case, the public's right to access this case's filings does not outweigh Crawford's right to defend himself against Doe's claim. Otherwise, Crawford would be left unable to present a defense. Therefore, to resolve the tension between Doe's anonymity asserted under § 6851(b)(3)(B) and Crawford's right to defend himself, the Court should seal the entire record.

**(E)** **<u>Period of time for sealing</u>:** Crawford requests that the case be sealed permanently.

---

[1] *See* 15 U.S.C. § 6851, *et seq.* (Pub. L. 117–103, div. W, title XIII, § 1309, Mar. 15, 2022, 136 Stat. 929.)

## CONCLUSION

For the reasons set forth herein, Defendant, Christopher Peyton Crawford, respectfully requests that this Court enter an Order sealing this case from public access only, with CM/ECF access permitted to the litigants' counsel. Defendant requests any such other relief as this Court may deem just.

This the 10th day of October, 2023.

                Respectfully submitted:

                */s/Cynthia H. Speetjens*
                Cynthia H. Speetjens (MS Bar No. 2407)
                Attorney for Defendant

Of Counsel:

Cynthia H. Speetjens, P.A.
Post Office Box 2629
Madison, MS 39130-2629
Telephone: (601) 954-1369
Facsimile: (601) 707-7509
Email: cspeetjens@ms-lawyer.net

## CERTIFICATE OF SERVICE

I, the undersigned attorney for the Defendant Christopher Peyton Crawford, do hereby certify that I filed and served the foregoing *Non-Confidential Memorandum in Support of Motion to Seal Case* via e-mail through the Court's ECF filing system to the following:

    Chadwick M. Welch
    cwelch@hpwlawgroup.com

    Thresa B. Patterson
    tpatterson@hpwlawgroup.com

This the 10th day of October 2023.

                */s/Cynthia H. Speetjens*
                Cynthia H. Speetjens