# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

JANE DOE,

    *Plaintiff/Counter-Defendant*

Case No. 3:23-cv-560-CWR-LGI

v.

CHRISTOPHER PEYTON CRAWFORD,

    *Defendant/Counter-Plaintiff*

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
## OF DEFENDANT, CHRISTOPHER PEYTON CRAWFORD

### ANSWER

Defendant, Christopher Peyton Crawford ("Crawford"), by and through his attorney, files his Answer, Affirmative Defenses and Counterclaim to the Complaint filed by Plaintiff, Jane Doe, as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted and consequently, the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

Defendant asserts the affirmative defenses of illegality and unclean hands, and states that Plaintiff's Complaint, her actions and conduct attending the filing of her Complaint, and her communications with Defendant prior to filing the Complaint constitute illegal and unlawful conduct, and otherwise unclean hands, for which an appropriate remedy, *inter alia*, is the dismissal with prejudice of her Complaint.

## THIRD DEFENSE

Without waiving the above defense, or any other defense set forth herein, Defendant answers the allegations of the Complaint, paragraph by paragraph, as follows:

### Parties

1. Defendant admits that Plaintiff is an adult resident of Madison County, Mississippi, however, Defendant objects to Plaintiff's use of a pseudonym as it, when combined with Plaintiff's misleading allegations, mischaracterizes Plaintiff's relationship with Defendant, and said relationship is a material element of Defendant's defenses in this case. Thus, Defendant respectfully moves the Court for an Order sealing this case from the public so that Plaintiff may be accurately identified and the true and correct nature of her relationship with Defendant may be represented.

2. Admitted.

### Jurisdiction and Venue

3. Admitted.

4. Defendant does not contest that this Court has personal jurisdiction over him; however, Defendant denies the allegations of Paragraph 4 insofar as they imply that any conduct of Defendant alleged by Plaintiff would confer personal jurisdiction.

5. Defendant does not contest that venue is proper in this district; however, Defendant denies the allegations of Paragraph 5 insofar as they imply any conduct of Defendant alleged by Plaintiff would establish venue.

### General Allegations

6. Defendant denies the allegations of Paragraph 6 insofar as they mischaracterize the relationship between Plaintiff and Defendant, such as to potentially mislead the Court. The true and correct relationship between Plaintiff and Defendant is a material element of Plaintiff's defenses and counterclaim in this case, and thus should be represented accurately to the Court.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

## Count One

### Violation of 15 U.S.C. § 6851(b)
### (Civil Action relating to disclose of intimate images)

14. Defendant incorporates and restates his answers to Paragraphs 1-13 herein.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## Count Two

### Intentional Infliction of Emotional Distress

21. Defendant incorporates and restates his answers to Paragraphs 1-20 herein.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## Count Three

### Invasion of Privacy

26. Defendant incorporates and restates his answers to Paragraphs 1-25 herein.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

### Prayer for Relief

31. Defendant incorporates and restates his answers to Paragraphs 1-30 herein.

32. Defendant denies the allegations in Paragraph 32 and further denies that Plaintiff is entitled to any of the relief requested in the Complaint, or any other relief whatsoever.

### Jury Demand

33. Defendant denies that Plaintiff is entitled to a jury trial as she has not pleaded a valid claim upon which relief could be granted. Additionally, Defendant denies this requested relief generally, invoking all defenses, factual and affirmative, otherwise available to Defendant.

### AFFIRMATIVE DEFENSES

Defendant asserts the following additional Affirmative Defenses:

### FOURTH DEFENSE

Defendant denies each and every material allegation of the Complaint by which Plaintiff seeks to impose liability upon Defendant and denies any responsibility whatsoever in the premises.

### FIFTH DEFENSE

No act or omission, if any, of Defendant was a proximate cause or a proximate contributing cause of the injuries and the damages for which Plaintiff complains.

**SIXTH DEFENSE**

Plaintiff has failed to mitigate her damages, if any.

**SEVENTH DEFENSE**

At all times material hereto, Defendant acted in a manner that was objectively reasonable, in good faith, without malice, without reckless disregard, without intent to cause harm and did not violate any established right of Plaintiff and is in no way liable to Plaintiff.

**EIGHTH DEFENSE**

Plaintiff has failed to state a claim for which punitive or exemplary damages can be awarded. To the extent Plaintiff seeks a trial by jury, attorney fees, pre-judgment interest and/or punitive damages, Defendant asserts all substantive and procedural defenses set forth in Section 11-1-65, *et seq.* (as amended) of the Mississippi Code, and all such immunities and protections are hereby affirmatively pled and asserted in defense of this case.

**NINTH DEFENSE**

Plaintiff's claims for punitive damages are barred by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

**TENTH DEFENSE**

Plaintiff's claims are barred by the doctrines of unclean hands, estoppel, laches and/or waiver.

**ELEVENTH DEFENSE**

Plaintiff has failed to previously exhaust all remedies available to her.

**TWELFTH DEFENSE**

Any and all damages alleged by Plaintiff resulted from Plaintiff's own conduct or resulted from an unreasonable failure to avoid the harm set forth in the Complaint.

**THIRTEENTH DEFENSE**

The sole proximate cause or, in the alternative, a contributing proximate cause, of the damages claimed by Plaintiff, if any, were a sole and direct result of the actions, inactions and/or wrongs of Plaintiff, or persons other than Defendant, for which Defendant should not be held responsible.

**FOURTEENTH DEFENSE**

Defendant affirmatively pleads all applicable Mississippi tort reform statues and laws.

**FIFTEENTH DEFENSE**

Plaintiff was solely and/or contributorily and/or comparatively negligent in the circumstances; and any damages which Plaintiff may have must be reduced pro-rata for her own acts pursuant to Mississippi's comparative negligence statute.

**SIXTEENTH DEFENSE**

Defendant gives notice that he intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and reserves the right to amend his answer to assert any such defenses.

**SEVENTEENTH DEFENSE**

In addition to the foregoing defenses, Defendant asserts the defenses of accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

**EIGHTEENTH DEFENSE**

Notwithstanding any of the foregoing, to whatever extent, if any, this Court finds in favor of Plaintiff, Defendant specifically reserves the right to seek indemnification and to pursue any other such action he deems necessary against any other party, whether or not named herein, for its own damages, including attorney's fees and expenses, arising out of or relating to Plaintiff's action.

Defendant further reserves any and all causes of action he may have against any persons, whether or not named herein, under common, statutory, tort, contract or quasi-contract law, for his own damages, including attorney's fees and expenses, arising out of or relating to the Plaintiff's action. Defendant reserves the right to assert other affirmative defenses as they may arise through discovery.

**AND NOW** having fully answered the allegations of the Complaint and asserted his defenses herein, Defendant, Christopher Peyton Crawford, respectfully requests that the Complaint be dismissed against him with prejudice with all costs assessed to the Plaintiff.

## COUNTERCLAIM

Defendant/Counter-Plaintiff, Christopher Peyton Crawford ("Crawford"), files his Counterclaim against Plaintiff/Counter-Defendant, Jane Doe ("Doe"), stating as follows:

1. In or about April 2023, prior to filing her Complaint against Crawford, Doe communicated to Crawford a version of the General Allegations contained in Paragraphs 6-13 of her Complaint.

2. In said communication, Doe intimidated and threatened Crawford by asserting that she was going to file criminal charges against Crawford unless he agreed to pay her an amount of money and property that she demanded. Thus, Doe did intentionally and willfully attempt to leverage the criminal process against Crawford in an unlawful attempt to extract an amount of money and property from him.

3. Although Crawford refused to comply with Doe's threat and demand, he was nonetheless left severely emotionally distressed and in fear for his and his children's safety and security, his liberty, and his business and livelihood at the thought of Doe initiating a baseless criminal investigation against him.

4. On August 8, 2023, Doe filed her Complaint before this Court, intentionally utilizing misleading allegations in a manner designed to embarrass and humiliate Crawford publicly and do

harm to his business. Specifically, Doe pseudonymized her name and identity, while fully identifying Crawford, yet Doe then misrepresented the nature of her relationship with Crawford.

5. Doe filed her Complaint in bad faith as evidenced by the fact that she inextricably linked her Complaint to another civil action in which she is presently involved against Crawford, by demanding a significant amount of money and property based upon the filing of this separate Complaint, which has embarrassed and humiliated Crawford, as it was intended to do.

## COUNT ONE

### Intentional Infliction of Emotional Distress

6. Crawford re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

7. Doe's act was willful and intentional, or it was committed with reckless disregard for and/or deliberate indifference to Crawford.

8. Doe intended for her act to cause Crawford to suffer extreme emotional distress, or Doe should have reasonably foreseen that his act would cause Doe to suffer extreme emotional distress.

9. Doe's act was the proximate and legal cause of Crawford's extreme emotional distress, and it evokes outrage in civilized society.

10. Accordingly, Crawford is entitled to recover from Doe compensatory damages in an amount to be established at trial, plus punitive damages in an amount to be established at trial and a reasonable attorney's fee.

## COUNT TWO

### Tortious Interference with Contract and Business Relations

11. Crawford re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

12. As a result of Doe's intentional infliction of emotional distress and bad faith actions in invoking the judicial processes to extract money and property, and humiliate and embarrass Crawford, Crawford has suffered harm unto his business reputation, business relationships, professional reputation, societal reputation, and personal well-being. Doe's wrongful conduct has cast shadow on the Crawford's professional reputation and ability to maintain his contractual relationships with his company's business partners.

## PRAYER FOR RELIEF

13. Crawford re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

14. As a direct and proximate result of Doe's intentional and wrongful acts, Crawford has been damaged and is entitled to compensatory damages in amounts to be established at trial, punitive damages to be established at trial, and incident to that punitive damages award, a reasonable attorney's fee, as well as any additional relief in law or equity to which he may be entitled.

## JURY DEMAND

15. Crawford demands a jury trial on all issues so triable.

**WHEREFORE, PREMISES CONSIDERED,** the Counter-Plaintiff, Christopher Peyton Crawford, demands a judgment against Jane Doe for all amounts to which he may be entitled in the premises.

This the 3rd day of November 2023.

    Respectfully submitted:

    By: /s/*Cynthia H. Speetjens*
        Cynthia H. Speetjens (MS Bar No. 2407)

    Cynthia H. Speetjens, P.A.
    Post Office Box 2629
    Madison, MS 39130-2629
    Telephone: (601) 954-1369
    Facsimile: (601) 707-7509
    Email: cspeetjens@ms-lawyer.net

## CERTIFICATE OF SERVICE

I, the undersigned attorney for the Defendant Christopher Peyton Crawford, do hereby certify that I filed and served the foregoing *Answer, Affirmative Defenses and Counterclaim* via e-mail through the Court's ECF filing system to all counsel of record.

This, the 3rd day of November 2023.

/s/ *Cynthia H. Speetjens*
Cynthia H. Speetjens