**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**(Northern Division)**

| | |
|---|---|
| JANE DOE, <br><br> *Plaintiff*, <br> v. <br><br> CHRISTOPHER PEYTON CRAWFORD, <br><br> *Defendant*. | Case No. 3:23-cv-00560-CWR-LGI |

**PLAINTIFF'S JANE DOE'S**
**MOTION TO DISMISS COUNTERCLAIMS**

Plaintiff Jane Doe ("Plaintiff" or "Doe"),[1] through counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), files her Motion to Dismiss Christopher Peyton Crawford's ("Crawford") Counterclaims [ECF No. 8]. In support of her motion, Doe argues as follows:

1. Doe filed her complaint on August 28, 2023, in which she asserted a claim arising under 15 U.S.C. § 6851 and a claim for intentional infliction of emotional distress. Doe filed this complaint because Crawford surreptitiously photographed her performing an intimate, sexual act, and without permission Crawford maliciously transmitted that photograph to a third party through interstate commerce.

2. Crawford answered on November 3, 2023 and asserted counterclaims against Doe, including intentional infliction of emotional distress, tortious interference with contract, and tortious interference with business relations.

3. Crawford's counterclaims fail to state a claim upon which relief may be granted and, therefore, his claims should be dismissed.

---

[1] Pursuant to 15 U.S.C. § 6851(a)(3)(B), Plaintiff is maintaining this action using a pseudonym to protect her identity and her privacy. Plaintiff's true identity is known to Defendant and to Defendant's counsel.

4. Crawford's claim for intentional infliction of emotional distress should be dismissed because he has not alleged, and he cannot allege, that Doe's filing of her lawsuit constitutes an outrageous, utterly intolerable act that evokes outrage in civilized society. That is an element of his claim and, without it, Crawford cannot recover under this theory.

5. Crawford's claims for tortious interference with contract and business relations are also insufficiently pleaded.  He fails to allege the existence of any particular contract, much less one that Doe's filing of her lawsuit caused him to breach.  He fails to allege Doe was even aware of any such contract and intentionally interfered with it by filing her lawsuit. He alleges no damages of any kind.  And his conclusory allegations about unspecified business relations are insufficient as a matter of law.

6. Moreover, Crawford's counterclaims are an obvious attempt to shame and intimidate Doe, his victim, for seeking redress for the malicious act he committed against her.

7. For those and the reasons set forth in Doe's accompanying memorandum in support of her motion to dismiss, Doe respectfully requests this Court dismiss Crawford's counterclaims, with prejudice and without leave to amend, because amendment would be futile.

Dated:  November 13, 2023

          Respectfully submitted,

          **JANE DOE**

          <u>/s/ *Chadwick M. Welch*</u>
          Chadwick M. Welch (MSB No. 105588)
          HEIDELBERG PATTERSON WELCH WRIGHT
          368 Highland Colony Parkway
          Ridgeland, Mississippi 39157
          Tel. 601.790.1588
          Fax 601.707.3075
          Email:  cwelch@hpwlawgroup.com

          *One of her attorneys*

OF COUNSEL:

Trhesa B. Patterson (MSB No. 102635)
HEIDELBERG PATTERSON WELCH WRIGHT
368 Highland Colony Parkway
Ridgeland, Mississippi 39157
Tel. 601.790.1588
Fax 601.707.3075
Email:  tpatterson@hpwlawgroup.com

## Certificate of Service

I certify that on the date set forth below I caused a copy of the foregoing pleading to be filed electronically with the Clerk of this Court, which caused notification to be delivered to all counsel of record.

Dated: November 14, 2023                           /s/ *Chadwick M. Welch*
                                                                         Chadwick M. Welch