**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
(Northern Division)**

| | |
|---|---|
| JANE DOE,<br><br>      *Plaintiff*,<br>v.<br><br>CHRISTOPHER PEYTON CRAWFORD,<br><br>      *Defendant*. | Case No. 3:23-cv-00560-CWR-LGI |

**PLAINTIFF'S JANE DOE'S MEMORANDUM IN SUPPORT OF
<u>HER MOTION TO DISMISS COUNTERCLAIMS</u>**

Plaintiff Jane Doe ("Plaintiff" or "Doe"),[1] through counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), files her Memorandum in Support of Her Motion to Dismiss Christopher Peyton Crawford's ("Crawford") Counterclaims [ECF No. 8]. In support of her motion, Doe argues as follows:

**I. Introduction**

In an archetypal example of victim shaming, Crawford countersued Doe, his victim of 'revenge porn,' because she first sued him for intentionally transmitting to a third party via interstate commerce a photograph of her performing an intimate, sexual act. Make no mistake, Crawford acted intentionally. He surreptitiously photographed Doe performing that intimate, sexual act; he saved that photograph for months; and then, when agitated, he sent that photograph to a third party who knew exactly who and what the photograph depicted. *See generally* Compl. Doe, herself a victim, had every right to seek relief from this Court to

---

[1] Pursuant to 15 U.S.C. § 6851(a)(3)(B), Plaintiff is maintaining this action using a pseudonym to protect her identity and her privacy. Plaintiff's true identity is known to Defendant and to Defendant's counsel.

vindicate her rights and hold Crawford accountable for a hateful, callous act that plainly violates federal law.

In a transparent attempt to intimidate his victim, Doe, into dismissing her claim and maintaining her silence, Crawford claims Doe intentionally caused him emotional distress by suing him. But a victim's act of filing a lawsuit against the perpetrator of a 'revenge porn' scheme does not and cannot constitute "outrageous" and "utterly intolerable" conduct and, consequently, cannot serve as the basis for Crawford's claim.

Otherwise, Crawford's claims for tortious interference with contract and business relations fail because they are insufficiently pleaded. Crawford fails to allege the existence of a contract, or that he breached one. He fails to allege Doe was aware of a contract. He has failed to allege Doe's filing her lawsuit constitutes a wrongful act without legal or social justification, nor could he. As to the alleged interfered-with business relations, Crawford does not allege what those relations are, how he has been damaged, or how Doe's filing this lawsuit directly impaired any business relations. As to both business tort claims, Crawford alleges no damages of any kind.

Crawford's allegations fail to satisfy even the most basic pleading standards but, even if they did, he cannot be permitted to sue a 'revenge porn' victim simply for seeking redress from this Court for conduct that harmed her and violated federal law. Consequently, amendment would be futile.

For those and for the following reasons, Doe respectfully requests this Court dismiss Crawford's counterclaims with prejudice and without leave to amend.

## II. Argument

### A. The Familiar Rule 12(b)(6) Standards

"When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Williams v. Vicksburg Healthcare, LLC*, 2022 WL 17084390, *1 (S.D. Miss. Nov. 2022) (Reeves, J.) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A satisfactory complaint will "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* This requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Iqbal*). "The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*). Amendment "is futile if, *inter alia*, the amended complaint would fail to state a claim upon which relief could be granted" under the standard recited above. *N. Miss. Med. Ctr., Inc. v. Quartz Tech.*, 2023 WL 6397850, *1 (N.D. Miss. Sept. 30, 2023) (Reeves, J.) (internal quotations and citation omitted).

### B. Crawford fails to allege a plausible claim for intentional infliction of emotional distress.

To state a claim for intentional infliction of emotional distress, a party must allege: "1. The defendant acted willfully or wantonly towards the plaintiff…; 2. The defendant's acts are ones which evoke outrage or revulsion in a civilized society; 3. The acts were directed at or intended to cause harm to the plaintiff; 4. The plaintiff suffered severe emotional distress as a direct result of the [acts] of the defendant; and 5. Such resulting emotional distress was foreseeable from the intentional [acts] of the defendant." *Rainer v. Wal-Mart Assocs., Inc.*, 119 So. 3d 398, 403-04 (Miss. Ct. App. 2013) (citation and quotations omitted; alterations in original).

Crawford has not satisfied and cannot satisfy the second element—that is, he has not alleged and cannot allege Doe's filing this lawsuit "evoke[s] outrage or revulsion in a civilized society." "[T]he mere filing of a lawsuit does not rise to the level of 'extreme and outrageous' conduct that is actionable." *Atlin v. Mendes*, 2008 WL 3874693, *4 (N.D. Tex. Aug. 12, 2008); *see also Bordelon v. Wells Fargo Fin. LA, LLC*, 2018 WL 3587690, *8 (E.D. La. Jul. 26, 2018) (act of filing a lawsuit, irrespective of motivation, does not and cannot support claim of intentional infliction of emotional distress) (collecting cases).

Further, the alleged conduct "must be so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency. It must be regarded as atrocious and utterly intolerable in a civilized community." *Diamondhead Country Club and Property Owners Ass'n, Inc. v. Montjoy*, 820 So. 2d 676, 684 (Miss. Ct. App. 2000) (citation omitted).

Against that backdrop, this Court must dismiss Crawford's claim for intentional infliction of emotional distress. Consider the import and implications otherwise. If this Court permitted that claim to survive, it would be tantamount to holding that a 'revenge porn' victim commits an outrageous and utterly intolerable act merely by filing a lawsuit to hold the perpetrator accountable for his own illegal act. That is not and cannot be the law, and Crawford's claim must be dismissed with prejudice and without leave to amend.

### C. Crawford fails to allege a plausible claim for tortious interference with contract and/or business relations.

#### 1. Tortious Interference with Contract

"When a person causes another to breach a contract with some third person, the tort is one of interference with performance of a contract." *Par Indus., Inc. v. Target Container Co.*, 708 So. 2d 44, 48 (Miss. 1998). "The four elements for this tort are: (1) that the acts were intentional and willful; (2) that they were calculated to cause damage to the plaintiffs in their

4

lawful business; (3) that they were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) that actual damage and loss resulted." *Id*.

Crawford's claim fails right out of the gate. He does not allege the existence of any specific contract, much less one that he breached because Doe filed this lawsuit. Because Crawford fails to allege "that an enforceable obligation existed between [himself] and another party," and because Crawford fails to allege "the contract would have been performed but for the alleged interference," he has failed to state a claim. *See id*. And without any allegation of a specific contract or a contract that he breached, Crawford's counterclaims fail to satisfy even the most basic pleading standards set forth by *Twombly* and *Iqbal*. Stated otherwise, even the most charitable construction of Crawford's counterclaim does not support a plausible inference that he has breached any contract with a third party.

Crawford's claim fails for a separate and independent reason: he fails to allege Doe even knew of the existence of the (unspecified) contract with which she allegedly interfered by filing this lawsuit. "The element of willfulness and calculation…is inferred when the defendant knows of the existence of a contract and does a wrongful act without legal or social justification that he is certain or substantially certain will result in interference with the contract."[2] *Liston v. Home Ins. Co*., 659 F.Supp. 276, 281 (S.D. Miss. 1986) (emphasis removed). This failure dooms his claim, and dismissal is appropriate.

### 2. Tortious Interference with Business Relations

---

[2] For the same reasons stated in Section III.B, *supra*, Doe cannot be held to have committed "a wrongful act without legal or social justification" by filing a lawsuit seeking redress for Crawford's transmission of 'revenge porn.' Such a holding would be against public policy, would have a chilling effect on victims of 'revenge porn,' and would unjustly punish a victim for seeking redress she deserves and is entitled to under federal law.

A "cause of action" for tortious interference with business relations "exists where one engages in some act with a malicious intent to interfere and injure the business of another, and injury does in fact result." *Cenac v. Murry*, 609 So. 2d 1257, 1271 (Miss. 1992). "[T]he plaintiff must also show (1) a loss, and (2) that defendant's conduct caused the loss." *Id*. (citation omitted). "[T]ortious interference with business relations occurs when a person unlawfully diverts prospective customers away from one's business." *Par Indus*., 708 So. 2d at 48 (citation omitted).

Crawford's counterclaim fails to satisfy these elements, nor does it even attempt to address them. He does not allege any particular loss or identify the business expectancy he claims to have lost. Nor does he adequately allege that Doe's filing of this lawsuit caused him to lose any prospective business or divert prospective customers away from his business. In other words, Crawford's counterclaim does not even include a formulaic recitation of the elements, which under *Twombley* would be insufficient on its own regardless. *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 545 (2007).

The thesis of Crawford's counterclaim is obvious. He suggests that because he is a named defendant in a lawsuit, and the allegations against him are embarrassing, he anticipates suffering a hypothetical reputational injury that potentially might adversely affect his business. That sort of speculative and conclusory pleading is inadequate in its own right, but it also suffers the same infirmity as the other claims: a 'revenge porn' victim who sues her transgressor might cause him reputational damage that affects his economic interests, but the filing of a such a lawsuit cannot constitute "malicious intent" for purposes of a claim for tortious interference with business relations. If it did, it would have the same sort of chilling effects on 'revenge porn' victims as discussed above. *See* Section III.C.1 n.2, *supra*. Along these lines, Doe has identified

no authority supporting the proposition that the mere act of filing a lawsuit can constitute a tortious interference with business relations.

### III.  Conclusion

For the foregoing reasons, Plaintiff Jane Doe respectfully requests this Court dismiss Crawford's counterclaims, with prejudice and without leave to amend, because amendment would be futile.

*  *  *  *

Dated:  November 13, 2023

                                        Respectfully submitted,

                                        **JANE DOE**

                                        /s/ *Chadwick M. Welch*
                                        Chadwick M. Welch (MSB No. 105588)
                                        HEIDELBERG PATTERSON WELCH WRIGHT
                                        368 Highland Colony Parkway
                                        Ridgeland, Mississippi 39157
                                        Tel. 601.790.1588
                                        Fax 601.707.3075
                                        Email:  cwelch@hpwlawgroup.com

                                        *One of her attorneys*

OF COUNSEL:

Trhesa B. Patterson (MSB No. 102635)
HEIDELBERG PATTERSON WELCH WRIGHT
368 Highland Colony Parkway
Ridgeland, Mississippi 39157
Tel. 601.790.1588
Fax 601.707.3075
Email:  tpatterson@hpwlawgroup.com

**Certificate of Service**

    I certify that on the date set forth below I caused a copy of the foregoing pleading to be filed electronically with the Clerk of this Court, which caused notification to be delivered to all counsel of record.

Dated: November 13, 2023                                        /s/ *Chadwick M. Welch*
                                                                                    Chadwick M. Welch