IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JANE DOE,

*Plaintiff*,

v.

CAUSE NO. 3:23-CV-560-CWR-LGI

CHRISTOPHER PEYTON CRAWFORD,

*Defendant*.

## ORDER

Defendant Christopher Peyton Crawford has moved to seal this case. Docket No. 5. After reviewing the arguments against the applicable law, the motion will be denied.

**I.     Factual and Procedural History**

Jane Doe alleges that Christopher Peyton Crawford is liable to her for unlawfully sending an intimate image of herself to another person. Docket No. 1. In other words, this is a "revenge porn" case. *See* Boris Burghardt & Leonie Steinl, *Sexual Violence and Criminal Justice in the 21st Century*, 22 German L.J. 691, 694 & n.19 (2021) (describing revenge porn as a form of "image-based sexual abuse").

According to the complaint, Doe and Crawford engaged in a consensual sex act in October 2022. Docket No. 1 at 2. Crawford apparently took a photo of Doe during that encounter. *Id.* Three months later, Crawford texted the photo to another person, without Doe's consent. *Id.*

Crawford denies the allegations and has counter-claimed against Doe. He says, in essence, that she has inflicted emotional distress upon him by filing this extortionate lawsuit. Docket No. 8. The truth of the matter has not been ascertained. This case is in early stages.

Although revenge porn is nothing new, the federal law prohibiting it is. In 2022, Congress established a cause of action for non-consensual disclosure of intimate images. *See* 15 U.S.C. § 6851. That means people now have much greater leeway to bring revenge porn claims in federal court than they used to.

In any event, the issue today is whether Crawford can keep the filings in this case secret. He argues that public access will materially impair his defense. Docket No. 6 at 3. Specifically, he says,

> Doe's pseudonym and her allegations against Crawford work together to mischaracterize the relationship between Doe and Crawford. Doe's identity and actual relationship with Crawford are material elements to Crawford's defense. In other words, Crawford must disclose Doe's identity and her relationship to Crawford in conjunction with disclosing other intimate and sensitive details to defend himself.

*Id.* For her own part, Doe takes no position on the motion to seal.

This Court convened a hearing to consider the arguments in more detail. It announced its inclinations from the bench and promised a written ruling. This Order followed.

**II.    Legal Standard**

Federal law in this area is well-established. "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). "Judicial records are public records. And public records, by definition, presume public access." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021).

"The public has a common law right to inspect and copy judicial records." *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) (quotation marks and citation omitted). "This right promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness, and serves as a check on the integrity of the system." *Id.* (cleaned up).

The public's right of access, however, "is not absolute." *Id.* "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (collecting cases). "[T]he relevant facts and circumstances of the particular case" must be considered. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) (citation omitted).

After considering these factors, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Van Waeyenberghe*, 990 F.2d at 848 (quotation marks and citation omitted). "[C]ourts should be ungenerous with their discretion to seal judicial records." *Binh Hoa Le*, 990 F.3d at 418 (citations omitted).

## III. Discussion

The first question is simple: why is the Court scrutinizing an unopposed motion? The answer is simple, too: federal law does not permit parties to seal a document or a case by agreement. The Fifth Circuit has rejected so-called "stipulated sealings" in which "the parties agree, the busy district court accommodates, and nobody is left in the courtroom to question whether the decision satisfied the substantive requirements." *Id.* at 417. Judges must instead independently examine whether sealing a document or a case comports with the First Amendment and common-law standards of public access to public records. *Id.*

This scrutiny indicates that Crawford has not met the high standard necessary to keep this case from the public. He has not set forth "clear and compelling reasons" why this case should be shielded from the public. L.U.Civ.R. 79(b).

First, even after the hearing, the Court does not see how Doe's "identity" is material to Crawford's defense. Docket No. 6 at 3. Congress's new revenge porn law does not establish an "identity" defense. It does not require disclosure of a plaintiff's name. The statute instead expressly permits courts to "maintain[] the confidentiality of a plaintiff using a pseudonym." 15 U.S.C. § 6851(b)(3)(B).

At least at this early juncture, the Court also does not understand Crawford's argument that his "actual relationship" with Doe is an element of his defense. Docket No. 6 at 3. Congress did not exempt persons from revenge porn liability because they were engaged in a one-night stand, were "friends with benefits," or were in a long-term, committed relationship. *See* Laura A. Rosenbury, *Friends with Benefits?*, 106 Mich. L. Rev. 189, 208 (2007) (defining the term). Nor is marriage a defense to a revenge porn claim asserted under § 6851.

It became apparent at the hearing that Crawford and Doe are both sensitive to the possibility of embarrassment if friends or family learn of these allegations. But every case, civil and criminal, presents a risk of embarrassment to one or all involved. Creating an "embarrassment exception" to the First Amendment would swallow the general rule of public access to public records.

In addition, in this particular case, the filings make clear that Crawford and Doe are presently engaged in other litigation against each other in State court. That suit is being conducted in the public record. So too should this suit.

4

There are compelling interests in secrecy when a case involves a minor. *See Bradley*, 954 F.3d at 229. Certain trade secrets and national security matters can and should be kept confidential. *See Binh Hoa Le*, 990 F.3d at 417 and 419. Some banking materials are secret by law. *See* 31 U.S.C. § 5318(g). But these are exceptions to the general rule of public access to public records. And in these circumstances, the parties have not put forward anything sufficient to remove this case from the default expectation—that the public has a right to see what goes on in its courts.

## IV.  Conclusion

The motion is denied.

**SO ORDERED**, this the 15th day of November, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
